UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAROLYN SUE ALDINGER, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:17-cv-1024 |
| ALDEN STATE BANK, | ) |
| Defendant. | ) |

**ORDER ON MOTION TO COMPEL AND MOTION TO STRIKE**
**(Docs. 33, 39)**

In this employment discrimination suit Defendant Alden State Bank moves to compel the deposition of Plaintiff Carolyn Sue Aldinger, formerly Vice President/Branch Administrator/Human Resources/Security Officer at Defendant's organization. (Doc. 33.) Plaintiff responded and cross-moved to compel Defendant to comply with the court's order dated November 4, 2019. (Doc. 36.) Defendant filed a motion to strike Plaintiff's response. (Doc. 39.)

For the reasons set forth below, Defendant's motion to compel is GRANTED IN PART, and Defendant's motion to strike Plaintiff's response is DENIED.

**PROCEDURAL HISTORY**

On May 30, 2019, Plaintiff filed a motion to compel Defendant to respond to her First Request for Production of Documents and First Set of Interrogatories. (Doc. 21.)

On June 19, 2019, the court issued an Amended Case Management Order directing the parties to complete all fact discovery by September 26, 2019. (Doc. 27.) On September 5, 2019, the parties jointly submitted a motion to hold in abeyance discovery deadlines until after the

court issued a decision on Plaintiff's motion to compel filed on May 30, 2019. (Doc. 28.) The court granted the parties' joint motion. (Doc. 29.)

On September 18, 2019, the court ruled on Plaintiff's May 30th motion directing the parties to meet and confer to resolve their outstanding discovery disputes. (Doc. 30.) The in-person conference did not resolve the parties' dispute and Plaintiff again moved for an order compelling Defendant's responses. (Doc. 31.)

On November 4, 2019, the court granted Plaintiff's motion and directed Defendant to fully respond to Plaintiff's interrogatories and requests for production. (Doc. 32.) Defendant's motion to compel Plaintiff's deposition followed on January 3, 2020. (Doc. 33.)

## ANALYSIS

**I.       Defendant's Motion to Compel Plaintiff's Deposition**

Defendant seeks to compel Plaintiff's deposition. Defendant first noticed Plaintiff's deposition on November 17, 2017. (Doc. 33-2.) Defendant's notice reads:

> [P]ursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant will take the oral deposition of Plaintiff, CAROLYN SUE ALDINGER, at the law offices of GOLDBERG SEGALLA LLP, 665 Main Street, Suite 400, Buffalo, New York 14203, on a date and time to be hereafter mutually agreed upon between the parties.

(*Id.* at 3.)

The parties never agreed upon a date for Plaintiff's deposition and Defendant again requested to schedule Plaintiff's deposition in letters dated April 3, 2019, June 5, 2019, and December 9, 2019. (Docs. 33-3, 33-4, 33-6.) Each of those letters made clear that Defendant was requesting dates for Plaintiff's deposition. (*See* Docs. 33-3 at 2; 33-4 at 2; 33-6 at 2.)

By letter dated December 19, 2019, Plaintiff responded to Defendant's deposition request, stating in part:

2

> In reviewing the documents that you produced pursuant to Judge Crawford's Order, we note that there are significant missing documents that should have been produced and responses that are incomplete. Defendant has failed to fully comply with Judge Crawford's Order. We will be forced to seek Court intervention if Defendant does not fully comply, and we will have no alternative but to move for costs and sanctions. Further, we are not in a position to schedule depositions until your client fully complies with Judge Crawford's Order, **which granted Plaintiff's motion in its entirety.**

(Doc. 36-5 (emphasis in original).)

Plaintiff outlined various documents and responses that she contends are still outstanding. (*See* Doc. 36-5 at 2–4; *see also* Doc. 36-13 at 6–13.) On this basis, Plaintiff maintains that "it is not proper to move forward with depositions in this matter until Defendant has complied with the Court's November 4, 2019 Order." (Doc. 36-13 at 5.) "Plaintiff has no objection to appearing for a deposition once Defendant complies with the Court's order on Plaintiff's Motion to Compel and should not be compelled to appear until such compliance." (Doc. 36-13 at 16.)

Defendant replies that it "has fully complied with this Court's order regarding production of discovery by producing all documents." (Doc. 37-6 at 2.) Defendant also alleges that "some of the items sought simply do not exist, or are not in the bank's possession, custody, or control." (*Id.* at 4.)

Plaintiff's refusal to provide a date for a deposition is not justified. "[I]t is well-established that a party cannot unilaterally refuse to fulfill its discovery obligations as retaliation for another party's discovery violations." *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 298 F.R.D. 145, 148 (S.D.N.Y. 2014).

Within 30 days from the date of this order, the parties are directed to have a date certain for Plaintiff's deposition, which must take place not later than August 1, 2020.

3

## II. Plaintiff's Cross-Motion to Compel Defendant's Compliance

Plaintiff cross-moves to compel Defendant to comply with the court's November 4, 2019 order. Plaintiff alleges that the following documents and responses are outstanding:

- Wage salary ranges and classifications;
- Personnel files with all performance notations for Jesse Jerge, Robert Englehart, and Christopher Gust;
- Employee yearly calendars kept by Plaintiff in her former office;
- Information regarding executive officer compensation;
- Wage and salary history including special pension and bonus information;
- EAP training records;
- Documents relating to sexual harassment complaints made by Ashley Osucha and Kaitlyn Chadbourn;
- Document reflecting Defendant's investigation conducted by Hodgson Russ, LLP, into complaints of sexual harassment made against Richard Koelbl and John Koelbl, including interview notes, factual summaries, memoranda or conclusions;
- Documents that establish the value of Plaintiff's fringe benefits.

(Doc. 36-5 at 2–4; *see also* Doc. 36-13 at 6–13.)

Defendant maintains that it has produced all requested documents and 'an affidavit from the Bank's compliance officer documenting that the requested information that exists has been produced, has produced over 8,000 additional pages of discovery (outside counsel's file and all personnel files) as Ordered by this Court, and is now ready to proceed with depositions." (Doc. 33-7 at 2.)

Defendant relies, in part, on the May 17, 2019 affidavit from Hilde Neubauer, Defendant's Vice President/Compliance Officer/General Counsel. (Doc. 21-12.) Neubauer's responsibilities include "assisting the bank's counsel in locating documents that may be responsive to discovery demands." (*Id.* ¶ 3.) Neubauer's affidavit is dated before the court's November 4, 2019 order. It is also dated before Defendant turned over additional material following the November 4th order that was "in the possession of the Bank" but not yet turned over to defense counsel. (*Id.* at 3–4.)

In resolving Plaintiff's cross-motion to compel Defendant's response, the court is guided by the principles of Federal Rule of Civil Procedure 26(b)(1), which states:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1).

Plaintiff's requests for salary and performance information, including information about other employees, is broadly directed towards the issue of comparators. These are directly relevant to Plaintiff's burden of proof for discrimination. *Neubecker v. New York State*, No. 18-CV-189, 2019 WL 948808, at *2 (W.D.N.Y. Feb. 27, 2019) ("A viable claim of disparate treatment . . . must include factual allegations sufficient to plausibly show that the plaintiff was similarly situated to the employees to whom she compares herself"); *see also Morales v. Bottling Grp., LLC*, 374 F. Supp. 3d 257, 268 (W.D.N.Y. 2019). Defendant's response to sexual harassment complaints filed by other employees and Defendant's investigation of complaints against John and Richard Koelbl may become relevant to a variety of issues such as notice, the work-place environment, and Defendant's attitude and responsiveness to complaints of harassment. *See, e.g., Duch v. Jakubek*, 588 F.3d 757, 763 (2d Cir. 2009) ("employer defendants can . . . be held liable if plaintiff can show that they knew, or in the exercise of reasonable care should have known, about the harassment yet failed to take appropriate remedial action") (internal quotation marks omitted). The value of Plaintiff's fringe benefits relates to the damage claim.

Plaintiff alleges that documents reflecting Defendant's investigation conducted by Hodgson Russ, LLP, into complaints of sexual harassment made against Richard Koelbl and John Koelbl have not been turned over. The court previously ordered that Defendant turn over any such documents that may be held by its outside counsel—Hodgson Russ, LLP. These documents are relevant to Plaintiff's claims and Defendant is reminded that documents held by outside counsel are not exempt from production and must be turned over. *See Woodward v. Holtzman*, No. 16-CV-1023A(F), 2018 WL 5112406, at *8 (W.D.N.Y. Oct. 18, 2018) ("[C]ontrol of documents, for purposes of production in response to discovery request, does not require legal ownership or physical possession, but only that the requested party have the right, authority, or practical ability to obtain the documents at issue, including from party's former outside counsel.") (citation and internal quotation marks omitted).

To the extent any documents do not exist, a direct, individualized response is sufficient. Plaintiff's request for information are appropriate and focus on the issues in the case. They must be answered with care and specificity. It is no answer that many pages of documents have already been produced. Plaintiff's cross-motion to compel is GRANTED.

Within 30 days from the date of this order, Defendant is directed to supplement its discovery responses. It is also directed to update Neubauer's affidavit on any outstanding documents that cannot be produced because they do not exist or are not in Defendant's control.

### III.   Defendant's Motion to Strike Plaintiff's Response

In light of the court's assessment of Defendant's compliance with the November 4, 2019 order, Defendant's motion to strike Plaintiff's response (Doc. 39) is DENIED as MOOT.

IV. **Attorney's Fees**

Both parties request attorney's fees for bringing their respective motions. A district court has "wide discretion in sanctioning a party for discovery abuses." *Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 267 (2d Cir. 1999).

Rule 37 provides that "the court must" require a party who has failed to provide information in discovery to "pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3); Fed. R. Civ. P. 37(b)(2)(C).

The court declines to award attorney's fees for the present motions. Both attorneys in this case have failed to be cooperative in the discovery process. It is their absence of good faith and collegial understanding of one another's discovery needs that is greatly increasing the duration and expense of this litigation. On the one hand, there is no need for Plaintiff to postpone her deposition until all paper discovery has been turned over. On the other, Defendant is engaging in delay tactics by failing to turn over documents which are in its possession. Defendant also fails to identify with specificity documents which are not in its possession.

The parties are warned that the next discovery dispute will be resolved in a court hearing at which both parties and their attorneys will be present.

## CONCLUSION

Defendant's motion to compel (Doc. 33) is GRANTED IN PART. Defendant's motion to strike Plaintiff's response (Doc. 39) is DENIED.

Dated, this 3rd day of June, 2020.

Geoffrey W. Crawford, Judge
United States District Court